## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Patricia Morrone Crockett

v.

Nationwide Mutual
Fire Insurance Company

December 3, 1971

Case No. (Law) 14781

By JUDGE PHILIP L. RUSSO

Plaintiff has filed a motion for judgment asking for $18,181.00 as a result of an alleged loss due to a burglary which allegedly occurred on or about August 3, 1969. She claims that the defendant is indebted to her by virtue of a certain policy of insurance which she claims covers the contents of her house.

The defendant has filed a special plea of the statute of limitations on the grounds that the action has not been timely filed due to the fact that the said insurance policy contains the following provisions:

> No suit or action on this policy for the recovery
> of any claim shall be sustainable in any court
> of law or equity unless all the requirements
> of this policy shall have been complied with,
> and unless commenced within twelve months after
> inception of the loss.

The suit in question was filed on July 20, 1971, which was almost two years after the alleged loss.

Counsel have stipulated that the above provision is contained in the policy which is the subject of this suit.

Plaintiff contends that during the twelve months

period following the alleged loss, that she was incompetent and that this tolled the said period of limitation.

Counsel for the defendant, in his memorandum, argues that this is a contractual limitation agreed upon by the parties and is not the same as the statutory limitation and that it would not be tolled as is set forth in § 8-30, Code of Virginia, 1950, as amended.

The court agrees with counsel for the defendant. Even though he has labeled his pleading as a "Special Plea of Statute of Limitations," it is actually a special plea of a policy condition. The court agrees that since this is a condition of the policy and not a statutory limitation, it is not tolled during any period of disability.